Jason Skala, *Esq.*
Law Office of Jason Skala, LLC
Jason@907attorney.com
Jessica@907attorney.com

Attorney for Barbara J. Pulkrabek.



FILED in the Trial Courts
State of Alaska Third District

FEB 09 2022

By_____ Clerk of the Trial Courts
_____Deputy

# IN THE SUPERIOR COURT OF THE STATE OF ALASKA
## THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| BARBARA J. PULKRABEK, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| GREAT- WEST LIFE & ANNUITY ) | |
| COMPANY., and PROTECTIVE LIFE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | Case No. 3AN-22- 04559 CIV |

## COMPLAINT

Comes now Plaintiff, Barbara J. Pulkrabek, and hereby alleges and avers against the Defendants as follows:

I.

Barbara J. Pulkrabek is a citizen of the State of Alaska in the Third Judicial District, who has resided in the Third Judicial District from April 2002 to present day. Barbara J. Pulkrabek was the wife of James G. Pulkrabek who also resided with Barbara in the Third Judicial District from March 2002 until his death on Jan. 6, 2022.

Complaint
*Pulkrabek v. Great-West Life & Annuity Company, et.al.*
Page 1 of 10

**Exhibit A**
**Page 1 of 10**

Case 3:22-cv-00045-SLG-MMS   Document 14-1   Filed 04/05/22   Page 1 of 10

II.

Defendants Great-West Life & Annuity Company (hereinafter Great-West) and Protective Life Insurance Company (hereinafter Protective) are national insurance companies doing business in the State of Alaska who, as set forth below, acted in concert, jointly, and individually against Plaintiff Barbara Pulkrabek while she resided in the Third Judicial District in Alaska. Defendants acted by and through their employees and/or agents, for whose actions Defendants are liable as set forth below.

III.

On or about Jan. 12, 2002, while the Pulkrabeks were living in Hawaii, Defendant Great-West issued a Temporary Life Insurance Policy for $250,000 to James G. Pulkrabek pending a medical examination. Great-West had represented that if Mr. Pulkrabek passed the medical exam required by Great-West that the Temporary Life Insurance Policy would be followed by a Term Life Insurance Policy issued to Mr. Pulkrabek in the amount of $300,000. Mr. Pulkrabek passed the physical exam, and on Feb. 28, 2002, Mr. Pulkrabek paid the first annual premium due on the Term Life Insurance Policy in the amount of $1,167. Under the life insurance contract with Great-West that annual premium amount was to continue for 20 years but would be substantially increased on the 21st year.

IV.

On Feb. 28, 2002, Mr. Pulkrabek also notified Great-West in writing sent by fax that he would be changing his residence to Palmer, Alaska effective on March 2, 2002. The Term Policy, #87602708, was then issued to Mr. Pulkrabek by Great-West on March 8, 2002, after Mr. Pulkrabek was residing in Alaska. The annual Term Policy premium due date for each policy year

Complaint
*Pulkrabek v. Great-West Life & Annuity Company, et.al.*
Page 2 of 10

**Exhibit A**
**Page 2 of 10**

Case 3:22-cv-00045-SLG-MMS   Document 14-1   Filed 04/05/22   Page 2 of 10

was January 1. On both of the life insurance policies issued by Great-West to James Pulkrabek, Plaintiff Barbara J. Pulkrabek was the beneficiary.

V.

Thereafter, while living in Palmer, Alaska James G. Pulkrabek and Barbara J. Pulkrabek faithfully and loyally paid all the annual life insurance premiums of $1,167 to Great-West under the Term Life Insurance Policy #87602708 up to and including the 2022 premium. All Great-West premium billings and Great-West life insurance related correspondence for the years of 2003 to 2022 were sent to James Pulkrabek in Palmer, Alaska by Great West and/or Protective.

VI.

According to the Great-West Life Insurance Policy issued to James Pulkrabek, a 30-day Grace Period ran from the date an annual premium was due, so that within the 30-day Grace Period the policy coverage was still in effect up until February 1 of each policy year even if the premium due had not been paid by the annual due date of January 1. Alaska statutory law as well as Hawaii statutory law also mandated a 30-Day Grace Period for a life insurance policy cancellation due to nonpayment of premium.

VII.

On or after Dec. 21, 2020 a letter was sent to James Pulkrabek in Alaska with a heading: "GREAT-WEST/ Protective ... Protective Life As Administrator". The letter stated that Defendant Great-West had sold certain life insurance business and annuity business to Defendant Protective, and that as of Feb. 1, 2021, and thereafter "Protective Life as Administrator" would be seen on correspondence. The letter stated the original Great-West policy and policy number would remain and insurance benefits would be the same, though a Protective ID number GW7602708 should be used on correspondence with Protective as a reference number. Also, on or about Dec. 21, 2020,

Complaint
*Pulkrabek v. Great-West Life & Annuity Company, et.al.*
Page 3 of 10

the life insurance premium payment for the year 2021 was sent by the Pulkrabeks to Great-West for the policy year of 2021. Said payment was accepted by Great-West.

VIII.

On information and belief, as of Dec. 20, 2020, Protective was owned by Dai-Ichi Life Holdings and Protective had purchased by reinsurance certain life insurance and annuity contracts from Great-West. Protective had also agreed with Great-West to be the "administrator" on other insurance contracts. The exact nature of the contract terms between Great-West and Protective are unknown at the present time. It is believed that Protective was assigned and did assume all Great-West duties owed in relation to James G. Pulkrabek and Barbara Pulkrabek, including fiduciary duties and the duty of good faith and fair dealing. In relation to the Great-West policy of James G. Pulkrabek and in relation to the life insurance claim of Barbara Pulkrabek, as set forth below, Protective was acting jointly and in concert with Great-West and/or was acting as an authorized agent of Great-West. Great-West ratified and is bound by and is liable for all representations and wrongful actions of Protective as set forth below.

IX.

On or about December 2, 2021, Protective sent a billing letter to James G. Pulkrabek informing him, and representing to him, that the premium for his Great-West life insurance policy in 2022 was $14,439.00, and that if that payment was not received by Feb. 1, 2022 his life insurance policy would terminate and lapse. The letter had a tear-off portion at the bottom to be returned with a premium payment that instructed payment was to be made to Great-West. The letter was in accord with the 30-day Grace Period required in the Great-West policy and required by Alaska statutory law. No written attempt was made by Defendants to alter this representation. The Pulkrabeks

*LAW OFFICE OF JASON SKALA, LLC*
800 E. Dimond Blvd., Suite 3-305
Anchorage, AK 99515
Tel: (907) 569-6633; Fax: (907) 569-6001

Complaint
*Pulkrabek v. Great-West Life & Annuity Company, et.al.*
Page 4 of 10

Exhibit A
Page 4 of 10

Case 3:22-cv-00045-SLG-MMS   Document 14-1   Filed 04/05/22   Page 4 of 10

reasonably relied on the Dec. 2, 2021, letter and its representations of Great-West life insurance coverage until Feb. 1, 2022.

X.

On Jan. 6, 2022, James G. Pulkrabek died. The Grace Period for life insurance coverage set forth in the Great-West policy, by Alaska and Hawaii statutory law, and as represented and verified by the Protective letter of Dec. 2, 2021, had not lapsed. Thus, it was very clear thereafter to Protective, Great-West, and their employees and agents as set forth below that: 1) Great West life insurance coverage for $300,000 of benefits for Barbara Pulkrabek existed as a matter of fact and law under the Great-West policy on the date of James G. Pulkrabek's death, Jan. 6, 2022; and that 2) beneficiary Barbara Pulkrabek was owed prompt payment of $300,000 plus interest.

XI.

On or about Jan. 7, Mr. Pulkrabek's widow Barbara Pulkrabek called Protective and informed its representative that James G. Pulkrabek had died on Jan. 6, 2022. On Jan. 10, 2022, with the assistance of a New York Life advisor, Barbara Pulkrabek called Protective to file a life insurance claim on James G. Pulkrabek's policy with Protective and Great-West. They were told by one Elicia that "a year earlier" James G. Pulkrabek had asked for the life insurance policy to be cancelled, and that it was cancelled. Barbara Pulkrabek was shocked and surprised, and asked for documentation of this alleged phone call and cancellation, as the Pulkrabeks had not received any notice of cancellation. Barbara Pulkrabek and her advisor then spoke to one Barbara Miller of Protective who set up a claim # 030209100122. Barbara Pulkrabek advised Ms. Miller that she understood the Great-West life insurance policy coverage was in effect on Jan. 6, 2022, as she had a Protective letter representing that a 30-day Grace Period after Jan. 1, 2022, existed – i.e. -- to Feb. 1, 2022 for the Great-West life insurance policy premium payment to be paid. Further,

Complaint
*Pulkrabek v. Great-West Life & Annuity Company, et.al.*
Page 5 of 10

**Exhibit A
Page 5 of 10**

Case 3:22-cv-00045-SLG-MMS   Document 14-1   Filed 04/05/22   Page 5 of 10

Barbara Pulkrabek relayed that she had arranged the 2022 premium payment to occur shortly. Barbara Pulkrabek asked Ms. Miller for documentation of the alleged phone call wherein James G. Pulkrabek allegedly asked for the life insurance policy to be cancelled. Ms. Miller represented she would investigate the claim.

XII.

On or after Jan. 10, 2022, Barbara Pulkrabek received a letter from Protective to James G. Pulkrabek dated Jan. 3, 2022, but stamped Jan. 7, 2022, which stated Mr. Pulkrabek's policy had been deemed "null and void". It is believed this letter was generated and mailed after Barbara Pulkrabek notified Protective of her husband's death on Jan. 7, 2022. These intentional, deceptive, reckless, and wrongful acts of Defendant Protective were contrary to the Great-West Policy, and the Protective letter of Dec. 2, 2021, wherein a Grace Period of 30 days from Jan. 1, 2021, to Feb.1, 2022 was represented and documented. These intentional, illegal, false, reckless, and wrongful acts were contrary to Alaska insurance statutes as well. The premium on the Great-West life insurance policy was paid by Barbara Pulkrabek on or about Jan. 18, 2022.

XIII.

On or about Jan. 20, 2022, Barbara Pulkrabek spoke to Protective representative Myrna, who represented that she was assigned to investigate Barbara Pulkrabek's life insurance claim. Myrna advised Barbara Pulkrabek the life insurance policy was cancelled, and thus she wrongfully denied Barbara Pulkarek's claim. Myrna further represented that she could not provide any proof of a phone call with James G. Pulkrabek in 2021 wherein he allegedly requested cancellation of the policy. No documentation of this alleged phone call has subsequently been provided to Barbara Pulkrabek. Myrna gave Barbara Pulkrabek a Protective email address and directed her to seek documentation there of the alleged phone call. Barbara Pulkrabek sent an email to this email

Complaint
*Pulkrabek v. Great-West Life & Annuity Company, et.al.*
Page 6 of 10

Exhibit A
Page 6 of 10

Case 3:22-cv-00045-SLG-MMS   Document 14-1   Filed 04/05/22   Page 6 of 10

address on Jan. 21, 2022, but she received no written reply. Barbara Pulkrabek has not received any written denial of her claim with stated reasons for the claim denial.

XIV.

Great-West and Protective owed beneficiary Barbara Pulkrabek the claims handling duty of good faith and fair dealing, as well as an insurance expert's duties of professional due care and competence in honestly, properly, and fairly handling her life insurance claim in accordance with Alaska insurance statutes, Alaska insurance regulations, and in accordance with local and national claims handling standards. Instead, Defendants Great-West and Protective jointly and individually, intentionally, and wrongfully breached the duty of good faith and fair dealing and the duties of professional due care owed to Barbara Pulkrabek. Defendants further, jointly and individually, acted negligently, recklessly, and with intentional falsehood and deception, cancelled the Great-West policy and denied Barbara Pulkrabek's claim for the express, illegal, and wrongful purpose of seeking financial gain.

XV.

The deceptive, false, illegal, reckless, and shocking acts of Protective, Great-West, and their employees and agents in falsely manufacturing and mailing a false nullification and falsely voiding the Great-West life insurance policy after the death of James G. Pulkrabek without a prior written and valid 30-day cancellation notice citing a statutorily allowed purpose, were in direct and clear violation of Alaska insurance statutes AS 21.36.220(a)(1), AS 21.36.210(f), and AS 21.36.125(a)(1). The Defendants' deceptive, false, illegal, reckless, and shocking claims handling acts were further in violation of the Alaska statutory 30-day Grace Period in AS 21.45.030 and in the Grace Period provision of the Great-West Policy.

Complaint
*Pulkrabek v. Great-West Life & Annuity Company, et.al.*
Page 7 of 10

**Exhibit A**
**Page 7 of 10**

Case 3:22-cv-00045-SLG-MMS    Document 14-1    Filed 04/05/22    Page 7 of 10

LAW OFFICE OF JASON SKALA, LLC
800 E. Dimond Blvd., Suite 3-305
Anchorage, AK 99515
Tel: (907) 569-6633; Fax: (907) 569-6001

## XVI

Further, these shocking, illegal, and false acts included a scheme of falsely manufacturing and mailing a false cancellation letter to Barbara Pulkrabek which constitutes theft by deception and forgery under Alaska statutes AS 46.180(a) and AS 46.500, as well as being mail fraud in violation of 18 USC Sec. 1341.

## XVII

Further, the additional and further reckless, negligent, and bad faith claims handling acts of employees and agents of Protective and Great-West include but are not limited to: failure to document, failure to timely communicate, failure to assist, failure to properly and fairly investigate, failure to properly deny in writing with cited reasons, refusing to provide documentation of the alleged phone call, directing Barbara Pulkrabek to investigate the documentation of the alleged phone call herself, and refusing to promptly pay the life insurance proceeds of $300,000 plus interest to beneficiary Barbara Pulkrabek. These wrongful, bad faith, reckless, and/or grossly negligent acts were done in violation of Alaska statutes set forth above, as well as in violation of the Alaska Unfair Claims Acts and Practices Statute at AS 21.36.125, the Alaska Unfair Claims Acts and Practices Regulations at 3 AAC 26.010 et seq, and in violation of local and national claims handling standards.

## XVIII.

Defendants' illegal, bad faith, negligent, reckless, deceptive, shocking, and illegal acts, as set forth above, have caused compensatory damages to Barbara Pulkrabek for deprivation of the Great-West life insurance policy benefits as well as compensatory damages for emotional and financial distress. These damages are in excess of $500,000, the exact amount to be determined by the jury at trial.

Complaint
*Pulkrabek v. Great-West Life & Annuity Company, et.al.*
Page 8 of 10

**Exhibit A**
**Page 8 of 10**

Case 3:22-cv-00045-SLG-MMS   Document 14-1   Filed 04/05/22   Page 8 of 10

## XIX.

The deprivation to Barbara Pulkrabek of $300,000 of paid for life insurance benefits, the likelihood of further consequential financial harm to her, and the likelihood of emotional distress to her were known to Defendants, their employees and agents, as both Defendants, as well as numerous insurers in the life insurance industry, advertise their life insurance policies as providing peace of mind and financial relief to family members who are beneficiaries of life insurance policies.

## XX.

Defendants and their agents and employees knowingly, and recklessly engaged in repeated bad faith, false, deceptive, illegal, and outrageous acts against Barbara Pulkrabek, including an illegal scheme of forgery, theft by deception, and mail fraud in order to deprive Barbara Pulkrabek of due and owing life insurance proceeds in excess of $300,000. These reckless and bad faith acts and illegal scheme were for the express purpose of illegal financial gain, as set forth above. Defendants are thus jointly and individually liable for punitive damages up to $7,000,000 as determined by the jury at trial after due consideration of all factors and Defendants' financial information as set forth in AS 09.17.020(b)(1)-(7).

//
//
//
//
//
//
//
//

Complaint
*Pulkrabek v. Great-West Life & Annuity Company, et.al.*
Page 9 of 10

**Exhibit A**
**Page 9 of 10**

Case 3:22-cv-00045-SLG-MMS    Document 14-1    Filed 04/05/22    Page 9 of 10

*LAW OFFICE OF JASON SKALA, LLC*
800 E. Dimond Blvd., Suite 3-305
Anchorage, AK 99515
Tel: (907) 569-6633; Fax: (907) 569-6001

WHEREFORE PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:

1. For compensatory damages in excess of $500,000 the exact amount to be determined by the jury at trial.

2. For punitive damages in excess of four times compensatory damages up to $7,000,000.

3. For interest, costs, and attorney fees as determined by the Court.

RESPECTFULLY SUBMITTED this 9th day of February 2022 at Anchorage, AK.

LAW OFFICE OF JASON SKALA, LLC.

/s/ Jason Skala
Jason Skala, ASBN 0105031
Attorney for Barbara J. Pulkrabek

Complaint
*Pulkrabek v. Great-West Life & Annuity Company, et.al.*
Page 10 of 10

Exhibit A
Page 10 of 10

Case 3:22-cv-00045-SLG-MMS   Document 14-1   Filed 04/05/22   Page 10 of 10