# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

BARBARA J. PULKRABEK,

    Plaintiff,

v.

GREAT-WEST LIFE & ANNUITY COMPANY, and PROTECTIVE LIFE INSURANCE COMPANY,

    Defendants.

Case No. 3:22-cv-00045-SLG-MMS

## ORDER RE MOTIONS FOR SUMMARY JUDGMENT

Before the Court at Dockets 43 and 50 are Plaintiff Barbara Pulkrabek's Motion for Summary Judgment and Defendants Great-West Life & Annuity Company and Protective Life Insurance Company's Cross-Motion re Bad Faith and Punitive Damages. Defendants responded in opposition to Ms. Pulkrabek's motion at Docket 43 and Ms. Pulkrabek replied at 55. Ms. Pulkrabek responded in opposition to Defendants' cross-motion at Docket 55 and Defendants replied at Docket 64. The motions were referred to the Honorable Chief Magistrate Judge Scoble. At Docket 70, Judge Scoble issued his Report and Recommendation, in which he recommended that Ms. Pulkrabek's motion be denied and Defendants' cross-motion be granted. Ms. Pulkrabek filed objections to the Report and Recommendation at Docket 71 and Defendants replied to these objections at Docket 72.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1] A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[2] However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[3]

In her Objections, Ms. Pulkrabek asserts that the Report and Recommendation is "remarkably one sided," that it "does not refer to a single Plaintiff's Exhibit."[4] This assertion is incorrect. The Report and Recommendation cited to Plaintiff's exhibits.[5]

Plaintiff also asserts that the Magistrate Judge "did not attempt to establish documented bad faith actions, but relied almost totally on Defendants' employees and Defendant's attorney's self-serving Declarations without assessing their credibility . . . ."[6] Specifically, Ms. Pulkrabek insists that Judge Scoble improperly

---

[1] 28 U.S.C. § 636(b)(1).

[2] *Id.*

[3] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[4] Docket 71 at 1.

[5] *See, e.g.,* Docket 70 at footnotes 2, 3, 4, 7, and 10.

[6] Docket 71 at 1.

Case No. 3:22-cv-00045-SLG-MMS, *Pulkrabek v. Great-West Life & Annuity Company et al.*
Order re Motions for Summary Judgment
Page 2 of 5
Case 3:22-cv-00045-SLG-MMS    Document 73    Filed 09/30/24    Page 2 of 5

credited Defendants' contention that the total policy limit was $300,000.[7] In response, Defendants point out that "Judge Scoble had no duty to 'attempt to establish bad faith.'"[8] Additionally, they assert that there is no authority to support Ms. Pulkrabek's calculation of the interest due, and in any event, Judge Scoble explicitly did not decide this issue.[9] The Court agrees that whether Plaintiff is entitled to interest from the date of death to the date of settlement was not addressed in the Report and remains to be determined.[10] And while Plaintiff points to some evidence that Defendants intended to deduct the 21st year premium from the $300,000 policy amount, there is no indication that they actually did so when they sent the $300,000 check to Plaintiff in April 2022.[11]

Further, Ms. Pulkrabek contends that the Magistrate Judge "erroneously applies an actual malice standard" and "does not consider the totality of the Defendants' conduct" in the analysis of her claims.[12] In particular, Ms. Pulkrabek faults the Report and Recommendation for failing to consider "unexcused violations" of state statutes respecting claim denials, the absence of notes from

---

[7] Docket 71 at 2.

[8] Docket 72 at 2–3.

[9] Docket 72 at 3–4.

[10] *See* Docket 70 at 27 (identifying as an unresolved issue "whether interest, costs, and/or reasonable attorneys fees should be awarded").

[11] *See* Docket 70 at 16 (citing Docket 60 at 2; Docket 55, Ex. 7).

[12] Docket 71 at 2.

Case No. 3:22-cv-00045-SLG-MMS, *Pulkrabek v. Great-West Life & Annuity Company et al.*
Order re Motions for Summary Judgment
Page 3 of 5
Case 3:22-cv-00045-SLG-MMS   Document 73   Filed 09/30/24   Page 3 of 5

calls involving Ms. Pulkrabek, the insurance company's First Report of Death claims procedure, and claims personnel's failure to contact her in writing.[13] Defendants respond that Judge Scoble explained why the state statutes discussed are not relevant and assert that Ms. Pulkrabek is simply rehashing arguments she made on summary judgment, which Judge Scoble addressed, and these are not proper objections.[14]

On de novo review, the Court agrees with the Magistrate Judge's analysis of the bad faith claim to require that under Alaska law, an insurer's actions must be objectively unreasonable, such that mere errors or negligence are insufficient. And a reasonable jury could not find that the approximate one-month delay in the approval of the claim in this case was objectively unreasonable.[15]

Finally, Ms. Pulkrabek submits that "[t]he Court does not explain . . . why following basic contract law and the duties established by Alaska law is akin to finding Defendants owed Plaintiff a 'heightened duty.'"[16] But the Magistrate Judge expressly found that "Alaska law does not support a finding that Defendants owed a heightened duty to the Plaintiff in this instance."[17]

---

[13] Docket 71 at 2–3.

[14] Docket 72 at 4–5 (citing Docket 70 at 9 and 19–23).

[15] *See* Docket 70 at 22.

[16] Docket 71 at 3 (citing Docket 70 at 18).

[17] Docket 70 at 18.

Case No. 3:22-cv-00045-SLG-MMS, *Pulkrabek v. Great-West Life & Annuity Company et al.*
Order re Motions for Summary Judgment

Page 4 of 5

Case 3:22-cv-00045-SLG-MMS   Document 73   Filed 09/30/24   Page 4 of 5

On the backdating claim, although the Magistrate Judge did not reach Defendants' argument that this claim was time-barred, the Court further agrees with Defendants on this point that any claim related to the backdating of the policy's start date in 2002 is time-barred.

The Court has reviewed the motions and attached exhibits, the Report and Recommendation, the objections, and the reply, and agrees with the Report and Recommendation's analysis. Accordingly, the Court adopts the Report and Recommendation, and IT IS ORDERED that Ms. Pulkrabek's Motion for Summary Judgment at Docket 43 is DENIED and Defendants' Cross-Motion re Bad Faith and Punitive Damages at Docket 50 is GRANTED.

DATED this 30th day of September 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00045-SLG-MMS, *Pulkrabek v. Great-West Life & Annuity Company et al.*
Order re Motions for Summary Judgment

Page 5 of 5

Case 3:22-cv-00045-SLG-MMS   Document 73   Filed 09/30/24   Page 5 of 5